# Lauzaza *v.* The State.

*Violating Prohibition Law.*

(Decided May 11, 1911.　55 South. 444.)

*Affidavit; Warrant; Officer Authorized to Take.*—In view of the provisions of section 7519 and 7585, Code 1907, in connection with Weakley's Local Laws, Jefferson County, pp. 217 and 644, as to the powers and jurisdiction of justices of the peace in certain precincts of Jefferson county, and of such judges, the judge of the Inferior Criminal Court of Birmingham, is an officer authorized to take an affidavit and issue a warrant charging a criminal offense.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Phillip Lauzaza was convicted of violating the prohibition law, and appeals. Affirmed.

The affidavit charged the selling, or aiding, abetting, and counseling the unlawful sale, of spirituous, vinous, or malt liquors, and was made before I. H. Benners, judge of the inferior court of Birmingham, and a warrant issued thereon was made returnable before the judge of the criminal court of Jefferson county. The motion to quash raised the proposition that Benners was not an officer authorized by law to take affidavits and issue warrants in such cases, and that the affidavit was not made before an officer authorized to take it.

E. C. EINSTON, for appellant. No brief came to the Reporter.

ROBERT C. BRICKELL, Attorney General, for the State. No brief came to the Reporter.

WALKER, P. J.—By a motion to quash the affidavit charging the defendant with the commission of a criminal offense, the defendant raised the question that the

affidavit was not made before an. officer authorized by law to take the same, in that it was made before I. H. Benners, the judge of the inferior court of Birmingham. A justice of the peace is a magistrate before whom such a complaint may be made.—Code 1907, §§ 7519. 7585. The judge of the inferior court of Birmingham, by section 1 of the act establishing the court, had conferred upon him the right to "have and exercise all the power and authority and perform all the duties now prescribed by law, or that may hereafter be provided by law, for justices of the peace" in precincts 21 and 37 in Jefferson county; and by a local law of earlier date there was conferred upon justices of the peace in those precincts "the same jurisdiction in criminal cases as is now exercised by justices of the peace."—Weakley's Local Laws of .Jefferson County, pp. 217, 644. This statement of the statutory provisions bearing upon the question presented suffices to show that there was no merit in the objection raised.

Affirmed.

*Violating Prohibition Law.*

